OPINION
Defendant, John Birt, appeals from the trial court's determination that he is a sexual predator.
Upon entering guilty pleas, Defendant was convicted in 1990 of rape and robbery. The trial court sentenced Defendant to concurrent prison terms of eight to twenty-five years and eight to fifteen years respectively.
On October 24, 2000, a sexual offender classification hearing was held. At that hearing the State introduced State's Exhibit 1. That exhibit includes the House Bill 180 screening instrument, a packet of information from the correctional institution, the pre-sentence investigation report, and a psychological evaluation of Defendant performed by Dr. Gibeau in June 2000.
The evidence presented demonstrates that the victim in this case was subjected to extreme cruelty. She was punched in the face multiple times and repeatedly gang raped, both vaginally and anally, by Defendant and three co-defendants while being held down. The victim was also forced to perform fellatio on each of the men, and was robbed.
The evidence shows that Defendant has anti-social personality traits, that he has an extensive prior record both as a juvenile and as an adult, and that Defendant has had numerous rules infractions while in prison. Defendant refuses to accept responsibility for his crimes, and insists that the victim consented to group sex but claimed she was raped because the co-defendants stole her money and jewelry. In his psychological evaluation of Defendant, Dr. Gibeau notes that Defendant has not gained any insight into his offenses as a result of mandatory sex offender treatment he has received while in prison.
At the hearing Defendant argued that his prior record does not include any previous sex offenses or offenses of violence. Defendant also noted that one portion of Dr. Gibeau's evaluation, which concerns the Minnesota Sex Offender Screening Tool, indicates that Defendant poses a "moderate risk" for sexual reoffending, with only a 45% chance of recidivism.
At the conclusion of the hearing, the trial court classified Defendant as a sexual predator. From that determination Defendant has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR.
In order to adjudicate Defendant a sexual predator, the trial court was required to find by clear and convincing evidence that Defendant has been convicted of or pled guilty to a sexually oriented offense, and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09(B)(3). Defendant's conviction for rape constitutes a sexually oriented offense. See R.C. 2950.01
(D)(1). Accordingly, the only remaining issue is whether Defendant is likely to engage in the future in another sexually oriented offense.
 Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477; State v. Ingram (1992),82 Ohio App.3d 341.
In determining whether an offender is a sexual predator, the trial court may consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2)., Defendant argues that the State failed to present legally sufficient evidence, "clear and convincing evidence," that he is likely to engage in the future in additional sex offenses. In support of that argument Defendant points to the portion of Dr. Gibeau's evaluation dealing with Defendant's score on a sex offender screening test. That assessment indicates that Defendant poses a moderate risk for reoffending with a 45% chance of recidivism. Defendant asserts that a 45% chance of recidivism does not establish that he is likely to reoffend even by a preponderance of the evidence, much less by clear and convincing evidence. In fact, it demonstrates that Defendant is not likely to reoffend., Defendant's argument that the evidence does not support a finding that he is a sexual predator is based solely upon just one factor, his score on a screening test performed by Dr. Gibeau. In determining whether an offender is a sexual predator, the trial court must consider all relevant evidence, which typically includes some factors, though not all, set forth in R.C. 2950.09(B)(2). Because the inquiry is very fact sensitive, the unique facts and circumstances of each case should be considered individually. State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662, 16664, 16665, unreported.
Substantial evidence exists in this case which is probative of Defendant's increased risk for reoffending. For instance, in examining the R.C. 2950.09(B)(2) factors Dr. Gigeau concluded that Defendant's extensive criminal record increases his risk for reoffending. R.C.2950.09(B)(2)(b). The abusive nature of Defendant's sexual conduct and the display of cruelty and use of excessive force against the victim of Defendant's offenses also increases Defendant's risk for reoffending. R.C. 2950.09(B)(2)(h), (i). Defendant's anti-social personality traits and refusal to accept responsibility for his crimes limits his ability to benefit from treatment. To date, Defendant's participation in mandatory sex offender treatment while in prison has not resulted in him gaining any new insights into his offenses. R.C 2950.09(B)(2)(f).
Additional factors indicative of an increased risk for reoffending according to Dr. Gibeau include Defendant's poor self-control and anti-social behavior, Defendant's history of drug and alcohol abuse, the numerous rules infractions Defendant has committed while in prison, and the large number of sex partners Defendant has had. R.C. 2950.09
(B)(2)(j).
Based upon the evidence in this record, a rational trier of fact could find by clear and convincing evidence that Defendant is likely to commit additional sex offenses in the future. Thus, the trial court's finding that Defendant is a sexual predator is supported by legally sufficient evidence.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
 _________ GRADY, J.
WOLFF, P.J. and YOUNG, J., concur.